UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
VICTORIA PIETRAS,

       Plaintiff,

                  **MEMORANDUM & ORDER**
    - against -            94 Civ. 0673 (DRH)

BOARD OF FIRE COMMISSIONERS,
FARMINGVILLE FIRE DEPARTMENT,

       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**APPEARANCES:**

**For the Plaintiff:**
**Lane T. Maxson, Esq.**
Hamburger, Maxson, Yaffe, Wishod, Knauer & Rotherberg, LLP
225 Broadhollow Road, Suite 301E
Melville, New York  11747

**For the Defendants:**
**Vincent R. Fontana, Esq.**
Fontana & Broderick, LLP
1010 Franklin Avenue, Suite 200
Garden City, New York  11530

**HURLEY, Senior District Judge:**

   On February 13, 1998, this Court granted injunctive relief in favor of Plaintiff Victoria Pietras (the "1998 Order") in the above-referenced case.  Presently before the Court is Plaintiff's Motion for an Order, pursuant to Fed. R. Civ. P. 60 and 70, to clarify and/or enforce compliance with the 1998 Order, and for attorney's fees, pursuant to 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988.  Defendant cross-moves for attorney's fees incurred in defense of Plaintiff's motion.  For the reasons set forth below, Plaintiff's motion is denied, except that the Court *sua*

*sponte* directs the Clerk of the Court to amend the Judgment, dated February 26, 1998 to conform with the language set forth in the 1998 Order.[1] Defendant's cross-motion for attorney's fees is denied.

**Procedural Background**

**(1) Procedural Background Underlying the 1998 Order**

Plaintiff ("Plaintiff" or "Pietras") was a female probationary volunteer firefighter who commenced an action against Defendant Board of Fire Commissioners, Farmingville Fire District, the governing body of the Farmingville Volunteer Fire Department (the "Department") alleging discrimination based on her sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and state law. The background of this litigation was detailed in this Court's Memorandum and Order, dated February 13, 1998, and in the Second Circuit's affirmance of this Court's judgment in a decision dated June 18, 1999, and familiarity with the facts is assumed.

By way of summary, Plaintiff was sworn in as a probationary volunteer member of the Department on December 28, 1992. During her probationary period, Plaintiff's response rate to alarms was high and her training at the Suffolk County Fire Academy and within the Department was satisfactory. On June 28, 1993, the Department adopted new Rules and Regulations which required Plaintiff and other probationary volunteers to complete a Physical Agility Test ("PAT") within a specified time limit as a precondition to becoming a full-fledged firefighter. The Department fixed a time for passing the PAT at four minutes or less. After her

---

[1] The direction to the Clerk of the Court to amend the Judgment, however, does not affect the outcome of the parties' motions.

second failure to pass the PAT within four minutes, the Department terminated Plaintiff from her probationary position on October 13, 1993.

Plaintiff commenced the instant action on February 17, 1994, and this action was tried before a jury before the Honorable Leonard D. Wexler in April 1996. At the conclusion of the evidence, Judge Wexler dismissed all of Plaintiff's claims except Plaintiff's Title VII disparate impact cause of action. Shortly thereafter, for reasons not presently germane, Judge Wexler recused himself from the case and the case was reassigned to this Court.

Following a bench trial, this Court rendered a Memorandum and Order, dated February 13, 1998, in favor of Plaintiff. (Mem. and Order, dated February 13, 1998.) I found that the PAT had a disparate impact on women and that "Defendant's severance of [P]laintiff's relationship with the Farmingville Fire District constituted sex discrimination." (*Id.* at 16.) Accordingly, Plaintiff was granted injunctive relief stating that "she shall be restored to the Department in the same status, i.e., as a probationary firefighter, that she enjoyed prior to October 13, 1993." (*Id.*) The Court permitted Defendant to "administer another physical agility test to [P]laintiff as a precondition to her becoming a full-fledged member of the Department," and directed that, "[s]uch test, if administered, must have sufficient content validity to comply with the mandates of Title VII and related case law." (*Id.*)

In March 1988, the Department filed a notice of appeal to the United States Court of Appeals for the Second Circuit.[2] On appeal, the Department challenged for the first time the

---

[2] In April 1988, Defendant moved before this Court to stay the judgment pending appeal on the ground that Plaintiff's position as a volunteer firefighter did not meet the definition of employee under Title VII. That motion was denied. (Mem. and Order, dated April 16, 1998.)

jurisdictional basis for the case contending, inter alia, that Plaintiff was not an employee of the fire department for Title VII purposes. In a decision dated June 18, 1999, the Second Circuit affirmed the district court's judgment and upheld the district court's finding that Plaintiff was an employee of the Farmingville Department. *Pietras v. Board of Fire Comm'rs of the Farmingville Fire Dist.*, 180 F.3d 468, 473 (2d Cir. 1999). The Court found that although Plaintiff was a volunteer firefighter, she had received indirect remuneration through benefits and cited as an example that "Pietras was entitled to a retirement pension." *Id.* at 473 n.6.

**(2)    Procedural Background Following Plaintiff's Reinstatement to the Department**

The Department reinstated Plaintiff to her probationary position in April 1998. On May 15, 1998, Plaintiff moved pursuant to Fed. R. Civ. P. 70 for an Order to hold defendant in contempt on the ground that defendant failed to comply with the 1998 Order. Following a hearing before this Court on May 22, 1998, Plaintiff's motion was denied[3] because the original order did not set a timetable to implement a new PAT.[4] The Department administered a newly-designed PAT to Plaintiff in October 1998. Notwithstanding her attorneys' October 2, 1998 letter challenging the validity of the newly designed PAT, Plaintiff elected not to pursue a challenge of the second test. Upon failing the revised PAT, the Department terminated Plaintiff as a probationary member of the Department effective October 14, 1998.

---

[3]This Court denied Plaintiff's motion in an Order dated June 3, 1998, and held, inter alia, that should Plaintiff pass the revised PAT, then Defendant shall advance her from a probationary member to a full member of the Fire Department. (Order, dated June 3, 1998.)

[4]The parties consented to the Court supplementing the 1998 Order to set a 90-day time frame to develop and administer a new PAT, which deadline was later extended at the Department's request.

By letter dated October 9, 2000, in response to Plaintiff's inquiry as to the number of years she had in the Service Award Program, the Department advised her that the policy of the Department was not to enter anyone into the Service Award Program until they had completed their probationary service and that because she had not completed her probationary service, she was not entitled to Service Awards. (Maxson Aff., dated May 1, 2006, Ex. J.)

Six years following her termination, upon reaching the entitlement age of 55 for receiving a pension under the Service Award pension program established under Article 11-A of the General Municipal Law (§§ 214 *et seq.*), Plaintiff formally requested by letter dated November 3, 2004, that the Department process her Service Award based on her five years and ten months service with the Department. (*Id.*, ¶ 37, Ex. I.) According to her calculations, Plaintiff claimed an entitlement to a pension of $120 a month. The Department responded by letter dated January 11, 2005, referencing its previous October 9, 2000 position that Plaintiff was not entitled to service credits because she had not completed her probationary service. (*Id.*, ¶¶ 38-39, Ex. J.)

On May 11, 2005, Plaintiff commenced an Article 78 Proceeding in New York State Supreme Court, County of Suffolk against the Department based on the Department's determination that she was not entitled to benefits under its Service Award Program. (*Id.*, ¶¶ 42-43, Ex.L.) By Order and Judgment of the Suffolk County Supreme Court dated August 9, 2005, the court declared the Department's determination as arbitrary and capricious. (*Id.*). The court stated that:

> [t]here is no provision within article 11-A of the General Municipal Law or the Farmingville Fire District By-Laws which could be interpreted as limiting the eligibility of Service Award Program participants exclusively to post-probationary firefighters.

> The District's October 9, 2000 letter did not cite to any specific
> authority for its decision, and the District failed to respond to this
> action. Having found no authority for the District's decision, the
> Court is constrained to find that the respondent acted in an
> arbitrary and capricious manner when it denied Ms. Pietras her
> benefits for the stated reason in the October 9, 2000 letter.

(*Id.*, Ex. L at 2.) The court set aside the Department's determination and ordered the Farmingville Fire District to determine whether Plaintiff was entitled to Service Award Program benefits. *Id.* at 3.

By letter dated, September 15, 2005, the Department again informed Plaintiff that she was not entitled to the Service Award pension benefits. (*Id.*, ¶¶ 44-45, Ex.M.) The letter stated in pertinent part:

> it is again the determination of the Farmingville Fire District that
> Ms. Pietras is not entitled to any Service Award payments at this
> time. As you know, the Service Award statute sets forth the
> requirement that a member must have earned at least 50 Service
> Award "points" in each of at least five years in order to become
> vested in the program. Ms. Pietras did not meet this standard.
> Furthermore, Judge Hurley's decision did not go so far as to grant
> her the five year minimum. Rather, his order only directed that she
> be reinstated and did not extend to her any back credits.

(*Id.*)

By application dated December 1, 2005, Plaintiff sought permission to file the instant Motion to Clarify and/or Compel Compliance, pursuant to Fed. R. Civ. P. 60 and 70. The Court addressed that application in an Order dated December 30, 2005 ( the "2005 Order"). (Order, dated December 30, 2005.) In its Order the Court directed Defendant to respond to Plaintiff's application on or before January 20, 2006. (*Id.*) In response to the 2005 Order, Vincent R. Fontana filed a notice of appearance on behalf of Defendant and requested by letter dated January 17, 2006 an extension of time to respond. On January 18, 2006, Defendant was

granted an extension of time to February 20, 2006. Despite this Court's 2005 Order, Defendant did not respond. The Court, nevertheless, waived its pre-motion conference requirement and issued a briefing schedule on Plaintiff's motion.

Pursuant to the briefing schedule, motion papers were filed on June 12, 2006. Thereafter, the Court discovered that Defendant's responsive papers were absent from the motion papers filed electronically on January 24, 2007. Which is to say, only the moving papers were filed. By Order to Show Cause, dated January 24, 2007, this Court directed Defendant to show cause before this Court, by the filing of a letter brief, why the Court should not act upon Plaintiff's Motion to Clarify and/or Enforce as unopposed.

On February 6, 2007, Defendant submitted a Notice of Consent to Change Attorney, which this Court so ordered on February 7, 2007. The following day, Defendant requested until February 23, 2007 to respond to Plaintiff's motion. By Order, dated February 8, 2007, this Court held that while it was dismayed that the issue of Defendant's representation took so long to resolve, given the recent substitution as counsel for Defendant, it would grant Defendant's request. In addition, the Court administratively terminated Plaintiff's motion and stated that it would be reinstated as of March 9, 2007, when the motion was to be fully briefed and thus ripe for the Court's consideration. All motion papers were electronically filed by March 9, 2007, and Plaintiff's motion was reinstated.

In her papers, Plaintiff now moves for relief from the 1998 Order pursuant to Fed. R. Civ. P. 60(a) and 60(b)(6) to clarify the prior Order and to define what rights and entitlements she retained as a probationary firefighter when she was restored to the Fire District in the "same status," which she maintains included an entitlement to Service Award points in each of the

years from 1993 to 1998, which she would have earned but for her unlawful termination. Alternatively, Plaintiff seeks to enforce compliance with the 1998 Order, which she claims included pension benefits, pursuant to Fed. R. Civ. P. 70. Defendant contends principally that the pension relief Plaintiff seeks was not initially sought nor granted in the 1998 Order and that to the extent Plaintiff seeks other relief, Plaintiff's motion is untimely. In addition, both parties claim entitlement to attorney's fees incurred in connection with this motion.

## Discussion

**I.     The Rule 60(b) Motion is Denied**

> Rule 60(b) of the Federal Rule of Civil Procedure provides::
>
> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In the instant matter, Plaintiff is seeking relief under Rule 60(b)(6). "Though not subject to the additional one-year limitation imposed on motions pursuant to some parts of Rule 60(b), a motion under Rule 60(b)(6), like motions under all parts of the Rule, must be made 'within a reasonable time.'" *Truskoski*, 60 F.3d at 77 (citation omitted).

In evaluating whether a Rule 60(b) motion is made within a "reasonable time," a court must consider "the particular circumstances of the case, and balance the interest in finality with reasons for delay." *PRC Harris, Inc. v. Boeing Co.,* 700 F.2d 894, 897 (2d Cir. 1983). "Because Rule 60(b) 'allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances.'" *Tyson v. City of New York*, 81 Fed. Appx. 398, 400 (2d Cir. 2003) (summary order) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). "In making this determination, the interest in finality must be balanced against the reasons for the delay." *Rooney v. Columbia Univ.*, No. 98-CV-5458 (FB), 2001 WL 868285, at *2 (E.D.N.Y. July 25, 2001) (citing *PRC Harris, Inc.*, 700 F.2d at 897. The Court need not decide whether the assertions proffered by Plaintiff in support of her motion rise to the level of extraordinary circumstances because under no view of the facts can Plaintiff's delay in bringing this motion be deemed reasonable.

Here, the 1998 Order was entered on February 13, 1998 and Judgment was entered on February 26, 1998. Notably, Plaintiff's Rule 70 motion made in May 1998 made no mention of Service Award benefits. Plaintiff was advised of the Department's position that she was not entitled to any Service Award benefits or pension credit as early as October 2000. Plaintiff made no application to this Court, however, until December 1, 2005. Even accepting Plaintiff's argument arguendo that "[b]y its very nature, the underlying issue has lain dormant

and, therefore, did not surface until plaintiff reached retirement age of 55 on November 11, 2004," Pietras was nevertheless aware by letter dated October 9, 2000, written in response to her inquiry concerning the number of years of service in the Service Award Program, that it was the Department's policy that she had not accumulated any service time because she had not completed her probationary service. These circumstances provide no reason to disturb the aura of finality bestowed upon the parties in the 1998 Order and Judgment of this Court by the passage of nearly five years from the time Plaintiff had notice of the Department's position concerning her Service Award pension credit. *See Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) ( finding that a twenty-six month delay in submitting a Rule 60(b)(6) motion "constitutes a patently unreasonable delay absent mitigating circumstances"); *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995) (holding plaintiff who filed Rule 60(b)(6) motion for reconsideration eighteen months after entry of judgment "plainly did not seek relief from judgment within a reasonable time"); *see also Malik v. Mackey*, No. 03 Civ. 580 (TPG), 2009 WL 255861, at 1 (S.D.N.Y. Jan. 30, 2009) (holding plaintiff who moved for reconsideration pursuant to Rule 60(b)(6) over two years after the Court's opinion was untimely). Plaintiff had ample opportunity to object to the Department's position without such a significant delay, and therefore her motion pursuant to Rule 60(b)(6) is not timely.

Accordingly, Plaintiff's Rule 60(b)(6) motion is denied.

## II. The Rule 70 Motion is Denied

In the alternative, Plaintiff moves for an order pursuant to Fed. R. Civ. P. 70 to enforce compliance with the 1998 Order and "restore [P]laintiff as a probationary firefighter with all the rights and entitlements she had when she was initially terminated on October 13, 1993"

by granting "Plaintiff a retirement pension under the Service Award program, pursuant to New York General Municipal Law." (Pl.'s Mem. of Law in Support of Motion, at 13-15; Pl.'s Reply Mem. of Law in Support of Motion, at 20-21.) According to Plaintiff, because she could not earn Service Award points from 1993 to 1998 due to her unlawful exclusion by the Department from actively participating in the firefighter activities, the Court should credit her with the requisite number of Service Award points in order to entitle her to receive pension benefits. (*Id.*)

In response, Defendant argues that Plaintiff's Rule 70 motion is improper because the 1998 Order does not specifically direct the Defendant to award Plaintiff the requisite minimum service points nor does it address an award of service points during that time period. The Court agrees.

> Fed. R. Civ. P. 70 provides in relevant part:
>
> (a)  If a judgment requires a party . . . to perform . . . [a] specific act and the party fails to comply within the time specified, the court may order the act be done . . . .
>
> \*   \*   \*   \*   \*   \*   \*
>
> (e)  The court may also hold the disobedient party in contempt.

Fed. R. Civ. P. 70. "A civil contempt sanction under Rule 70 serves to coerce the contemnor into future compliance with the court's order or to compensate the complainant for losses resulting from the contemnor's past noncompliance." *Board of Trustees of the Local 295/Local-I.B.T. Employer Group Pension Trust Fund v. Hail Air Freight, Inc.*, No. 06 Civ. 528 (GEL), 2008 WL 1758719, at *2 (S.D.N.Y. Apr. 16, 2008) (internal quotation marks and citation omitted). In order to establish contempt, a movant must establish by clear and convincing

evidence: (1) a clear and unambiguous order; (2) clear and convincing proof of noncompliance of the order; and (3) that the contemnor has not diligently attempted to comply in a reasonable manner. *Perez v. Danbury Hosp.*, 347 F.3d 419, 423-24 (2d Cir. 2003).

In the instant matter, it is uncontroverted that the 1998 Order did not specifically direct the Department to award Plaintiff the requisite minimum service points for the period 1993 to 1998. Inasmuch as the Court did not require a specific act in the 1998 Order relative to pension credit and or service points, it cannot be said that the Department failed to comply with the 1998 Order.

Accordingly, Plaintiff's motion pursuant to Rule 70 is denied.

## III. The Rule 60(a) Motion is Denied[5]

---

[5] Although the issue was not raised by Plaintiff, the Court notes parenthetically that there is a subtle difference in language between this Court's 1998 Order and the Judgement entered by the Clerk of the Court on February 26, 1998. The 1998 Order provides, in relevant part, as follows:

> Defendant's severance of plaintiff's relationship with the Farmingville Fire District constituted sex discrimination. Accordingly, she shall be restored *to the Department in the same status*, i.e., as a probationary firefighter, *that she enjoyed prior to October 13, 1993*. Defendant may administer another physical agility test to plaintiff as a precondition to her becoming a full-fledged member of the Department. Such test, if administered, must have sufficient content validity to comply with the mandates of Title VII and related case law.

(Maxson Aff., Ex. E) (emphasis supplied). In contrast, the Judgment, dated February 26, 1998, entered by the Clerk of the Court omitted the language "to the Department in the same status" and "that she enjoyed prior to October 13, 1993," and provides, in pertinent part, as follows:

> ORDERED AND ADJUDGED that judgment is entered in favor of the plaintiff, Victoria Pietras; and that plaintiff is restored *to her status as a probationary firefighter*; and that defendant may administer another physical agility test to plaintiff as a

Fed. R. Civ. P. 60(a) provides in relevant part that

> [t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.

Fed. R. Civ. P. 60(a). Notably, Rule 60(a) "imposes no time limitations." *Truskoski*, 60 F.3d at 77; *see also Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 505 (2d Cir. 2007).

"The general purpose of Rule 60(a) is to afford courts a means of modifying their judgments in order to ensure that the record reflects the actual intentions of the court." *Highland Capital Mgt, L.P. v. Schneider*, 2008 WL 3884363, at *14 (S.D.N.Y. Aug. 20, 2008) (internal quotation marks and citations omitted). Rule 60(a) "permits the correction not only of clerical mistakes, but also of inadvertent errors arising from oversight or omission." *In re Marc Rich & Co. A.G.*, 739 F.2d 834, 836 (2d Cir. 1984) (internal quotation marks and citation omitted). Thus, "[a] motion under Rule 60(a) is available only to correct a judgment for the purpose of

---

> precondition to her becoming a full-fledged member of the department and that such test, if administered, must have sufficient content validity to comply with the mandates of Title VII and related case law.

(*Id.*, Ex. F) (emphasis supplied).

Here, the omission of the words "to the Department in the same status" and "that she enjoyed prior to October 13, 1993" was a clerical mistake. Because this Court's decision intended in its 1998 Order to reinstate Plaintiff to the same status that she enjoyed as a probationary firefighter prior to Defendant's unlawful termination on October 13, 1993, the Court *sua sponte* directs the Clerk of the Court to amend the Judgment to conform with the language set forth in its 1998 Order. *See Webb*, 473 F.3d at 504-05. Accordingly, the Judgment, dated February 26, 1998, which omitted the words "to the Department in the same status" and "that she enjoyed prior to October 13, 1993," before and after the language "as a probationary firefighter," respectively, shall be amended pursuant to Rule 60(a) so as to include the omitted words.

reflecting accurately a decision that the court actually made." *Hodge v. Hodge*, 269 F.3d 155, 158 (2d Cir. 2001) (internal quotation marks and citation omitted)).

The Second Circuit has explained that the "heart of the distinction between an error that is correctable under Rule 60(a) and one that is not is that a correction under Rule 60(a) cannot alter the substantive rights of the parties, but rather may only correct the record to reflect the adjudication that was actually made." *Dudley ex rel. Estate of Patton v. Penn-America, Ins. Co.*, 313 F.3d 662, 675 (2d Cir. 2002) (citation omitted). Rule 60(a) "is not meant to provide a way for parties to relitigate matters already decided, to change errors in what a court has deliberately done, or to attempt to establish a right to relief which the court has not previously recognized." *Peyser v. Searle Blatt & Co., Ltd.,* 2003 WL 1610772, at * 1 (S.D.N.Y. Mar. 24, 2003) (quoting *Employers Mut. Cas. Co. v. Key Pharms., Inc.,* 886 F. Supp. 360, 363 (S.D.N.Y.), *aff'd* 75 F.3d 815 (2d Cir. 1996)).

It is clear that neither the 1998 Order nor the Judgment, dated February 26, 1998, as amended, make any mention of an award of Service Points or pension credit for the pretermination years of Plaintiff's employment or require the Department to award Plaintiff the requisite minimum service points for the period 1993 to 1998.

Under the terms of the Service Award statute, an active volunteer firefighter must have earned a minimum of 50 Service Award points in each of at least five years in order to become vested in the program. *See* N. Y. S. Gen. Mun. Law § 217. Prior to the Department's unlawful termination, Plaintiff states she earned more than 250 points for purposes of the Service Award Program during the period from January 1, 1993 to October 13, 1993. She was reinstated

to her probationary position in April 1998, and when she thereafter failed the revised PAT, the Department terminated her position in October 1998.

The issue of a restoration of Service Points or pension credit was not raised and was not adjudicated by the Court. Under such circumstances, the omission of any provision for the restoration of lost service credits for the period 1993 to1998 in the 1998 Order or concomitant February 26, 1998 Judgment, cannot be construed as a "clerical error" that can be corrected under Fed. R. Civ. P. 60(a). *See Truskoski*, 60 F.3d at 77 (finding that an employee who moved to compel her employer pursuant to grant her pension benefit credit for years of her employment before her unlawful termination was not entitled to relief under Rule 60(a) and stating that "the omission of any provision for the pension credit [the employee] now seeks was not a clerical error") (internal quotation marks omitted); *cf. In re Frigitemp Corp.*, 781 F.2d 324, 328 (2d Cir. 1986) (holding judgment's failure to award bankruptcy prejudgment interest was not a clerical mistake that could be corrected under Rule 60(a); "[h]ad the Trustee simply taken care to determine whether all of the relief he requested, if not expressly denied, had in fact been granted by the court, he could have moved to alter the judgment within the time periods provided by Rule 59(e) or Rule 60(b)").

Accordingly, Plaintiff's motion under Rule 60(a) is denied.

The Court takes note that Plaintiff may well have been entitled to pension-credit relief in the 1998 Order, *see Franks v. Bowman Transportation Co.*, 424 U.S. 747, 766 (1976) (holding that in reinstating a victim of discrimination, "[a] concomitant award of the seniority credit [the victim] presumptively would have earned but for the wrongful treatment would also seem necessary in the absence of justification denying that relief"); *Truskoski*, 60 F.3d at 77-78

("[s]eniority rights - both competitive status seniority and benefit seniority - are important components of make whole relief under Title VII") (internal quotation marks and citation omitted), however, to the extent it was an oversight for the Court to enter judgment as it did, without ordering the restoration of pension credit, such oversight "was one of substance and should have been dealt with by a timely motion for alteration of or relief from the judgment, or by appeal," *Truskoski*, 60 F.3d at 77-78; *see In re Frigitemp Corp.*, 781 F.2d at 328 (same).

Nevertheless, as discussed above, absent such a timely application, Plaintiff's motion must be denied and the 1998 Order and Judgment, as amended, must stand.

## IV.     Application for Attorney's Fees

### (a)     Plaintiff's Motion for Attorney's Fees

Plaintiff moves for attorney's fees incurred in state and federal court to enforce the 1998 Order such that she would be granted her entitlement to a retirement pension under the Service Award program, pursuant to 42 U.S.C. § 2000e-5(k) and 42 U.S.C. §1988.

Pursuant to 42 U.S.C. § 2000e-5(k), "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs. . . ." 42 U.S.C. § 2000e-5(k). Therefore, to be entitled to attorney's fees a party must be a "prevailing party." *See Bridges v. Eastman Kodak Co..*, 102 F.3d 56, 58 (2d Cir. 1996). A plaintiff is a prevailing party when she "succeeds 'on any significant issue in litigation which achieves some of the benefit that the part[y] sought in bringing the suit.'" *Id.* at 58 (citations omitted).

Because the Court has denied Plaintiff's motions to the extent the motions pertained to her entitlement of a retirement pension under the Service Award program, the Court finds that Plaintiff did not "succeed" on any significant issue in connection with her motion.

Accordingly, the Court concludes that Plaintiff cannot be considered a "prevailing party" for purposes of her application in the instant matter, and therefore denies her motion for attorney's fees.

### (b) Defendant's Motion for Attorney's Fees

Defendant cross-moves for attorney's fees incurred in the defense of this motion due to the frivolousness of Plaintiff's motions.

While the Court finds that Plaintiff's motion is without merit, it is not "frivolous" such that an award of attorney's fees is warranted. *Cf. Bridgewater Operating Corp. v. Feldstein*, 346 F.3d 27, 31 (2d Cir. 2003) (per curiam); *Verri v. Nanna*, 3 F. Supp.2d 439, 442-43 (S.D.N.Y. 1998). Plaintiff had at least a colorable basis in law and in fact for her application. Accordingly, the Court denies Defendant's cross-motion for attorney's fees.

## Conclusion

Based on the foregoing, Plaintiff's motion is denied, except that the Court *sua sponte* directs the Clerk of the Court to amend the Judgment, dated February 26, 1998 to conform with the language set forth in the 1998 Order. Defendant's cross-motion for attorney's fees is denied.

**SO ORDERED.**

Dated: Central Islip, N.Y.  /s/
June 24, 2009  Denis R. Hurley
United States Senior District Judge